**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Anthony YOUNG, Defendant–Appellant.**

**No. 04–20897**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Jan. 4, 2007.

James Lee Turner, Kathlyn Giannaula Snyder, Assistant U.S. Attorneys, U.S. At-

torney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Tot Kim Le, Houston, TX, for Defendant–Appellant.

Before KING, HIGGINBOTHAM and GARZA, Circuit Judges.

PER CURIAM: *

Anthony Young appeals his 15–month sentence for marriage fraud. Citing *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), he argues that the district court erred in increasing his criminal history based on its conclusion that, at the time of his offense, he had been released from custody for less than two years and was on parole. Young also argues that the district court committed *Fanfan* error when it sentenced him pursuant to a mandatory guidelines system. Because we conclude that the district court committed *Fanfan* error when it sentenced Young pursuant to a mandatory guidelines system, *see United States v. Valenzuela–Quevedo*, 407 F.3d 728, 733 (5th Cir.) *cert. denied*, —— U.S. ——, 126 S.Ct. 267, 163 L.Ed.2d 240 (2005), we decline to address Young's argument that the district court's factfinding amounted to *Booker* error. *See United States v. Akpan*, 407 F.3d 360, 377 n. 62 (5th Cir.2005).

We review a preserved *Fanfan* challenge for harmless error. *United States v. Rodriguez–Mesa*, 443 F.3d 397, 404 (5th Cir.2006). The Government has not met its arduous burden of demonstrating that the district court would have imposed the same sentence absent its mandatory appli-

cation of the Sentencing Guidelines. *See United States v. Zamora–Vallejo*, 470 F.3d 592, 595 (5th Cir.2006); *United States v. Garza*, 429 F.3d 165, 170 (5th Cir.2005), *cert. denied*, —— U.S. ——, 126 S.Ct. 1444, 164 L.Ed.2d 143 (2006). Accordingly, we VACATE Young's sentence and REMAND for resentencing.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.